UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANMBREEN SHAH an individual, on
behalf of herself and all others similarly situated,

      Plaintiff,   **JURY TRIAL**

V.   CIVIL ACTION NO

    3:10-cv-01042-SRU

WESTERN MASS CREDIT CORPORATION

    Defendant.   APRIL 4, 2011

---

## AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff, Anmbreen Shah, an individual, on behalf of herself and all others similarly situated, sues Defendant Western Mass Credit Corporation, a collection agency based in Massachusetts, which is also doing business in Connecticut and is licensed as a collection agency.

## I. PRELIMINARY STATEMENT

1. This is an action brought pursuant to 15 U.S.C. §1692, *et seq.,* known more commonly as the "Fair Debt Collection Practices Act" ("FDCP A"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION**

2. The jurisdiction of this Court arises under 15 U.S.C. §l692k and 28 U.S.C. §1337. This case was removed from state court to this Court by Defendant on or about July 1, 2010, citing 28 U.S.C. §§1331, 1332, 1441, and 1446.

**III. ALLEGATIONS AS TO PARTIES**

3. Plaintiff, Anmbreen Shah ("Ms. Shah"), is *sui juris* and a resident of Branford, Connecticut.

4. At all times material hereto, Defendant Western Mass Credit Corporation ("Western Mass"), was a foreign corporation, doing business in the State of Connecticut.

5. Defendant was engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to other persons or entities for which Defendant acts in the State of Connecticut.

**IV. FACTUAL ALLEGATIONS**

6. For an extended period of time, Western Mass sent collection notices to Ms. Shah and numerous other Connecticut consumers, alleging past due amounts and deficiencies arising out of vehicle repossessions by Santander Consumer USA, Inc. In the course of those repossessions, however, the consumers were not provided with required notices pursuant to Article 9 Part 6 of the Uniform Commercial Code ("UCC") and the RISFA §36a-785.

7. Subsequent to the repossession sale of Ms. Shah's car, Santander attempted to collect an alleged deficiency from Mr. Shah. Later, Santander retained Western Mass to continue that collection effort.

8. Prior to filing this action, Ms. Shah asked Western Mass for copies of all required Notices that Santander may contend were provided to her, as well as any proof (green post office receipts, for example) that Ms. Shah received such notices. Western Mass has never provided any such documentation to Ms. Shah, yet continued to attempt to collect this alleged debt through July 26, 2010.

9. A true and correct copy of the collection notes tendered by Western Mass to the Court as a business record at a hearing on March 11, 2011, is attached hereto and incorporated by reference as Exhibit "1."

10. Defendant knew or should have known that this debt was not valid on the many occasions when it pursued collection as reflected in Exhibit 1, and has failed to validate the debt upon the Plaintiff's numerous disputes of the debt.

11. Defendant's own collection notes show that the Plaintiff disputed this debt, on August 6, 2009 and asked Western Mass to itemize the debt or "breakdown and provide a payment history."

12. Plaintiff through her counsel contacted the Defendant via telephone and facsimile letter on March 8, 2010, requesting documentation of the required notices pursuant to Article 9 Part 6 of the UCC and RISFA §36a-785. (S*ee* Exhibit "2").

13. Defendant was on notice on March 8, 2010 that the Plaintiff did not receive <u>the legally required</u> notice of repossession from the original creditor Sovereign Bank.

14. Plaintiff through counsel called the Defendant Western Mass on March 15, 2010 and spoke to a collection agent, and again requested the documentation and was advised to wait.

15. Plaintiff through counsel contacted the Defendant March 30, 2010 via facsimile letter and advised Defendant that Plaintiff intended to file suit and that the Defendant was aware or should be aware that the Plaintiff never received required notices after repossession and that the Defendant had notice and prior dealings with Sovereign Bank -- who had sold Plaintiff's account, and others, to Santander -- and was aware of Sovereign Bank's dealings with consumer debtors.  *See* Vera Fields v. Western Mass Credit Corp Case No. 3:05CV 1909 SRU.

16. Defendant replied to Plaintiff's counsel's letter on March 31, 2010.  *See* Exhibit "4."

17. Defendant through their agent "Linda R. Lata" stated they requested additional time to locate the documentation Plaintiff requested.

18. Defendant, despite not having validated the debt, stated through their agent, Linda R. Lata, "The debt is still valid and the debtor still owes it."  See Exhibit 4.

19. Defendant was still attempting to collect the alleged debt through March 31, 2010.

20. Defendant, through their collection agent also stated it had in fact charged the Plaintiff a 15% collection fee, which violates §1692f and this Court's prior ruling in Vera Fields v. Western Mass Credit Corp Case No. 3:05CV 1909 SRU.

21. Defendant's collection notes do not reflect any of the calls the Plaintiff's counsel made in March of 2010 or the letters sent on March 8, 2010 or March 30, 2010.

22. Defendant's collection notes do not reference the letter from the Defendant's collection agent "Linda R. Lata" dated March 31, 2010.

23.  Defendant's business records show on March 11, 2011 a request for the mailing of the "initial collection letter" to be produced for the Plaintiff and the Court at the March 11, 2011 hearing.

24.  Defendant's records have been tendered to the Court with the explanation that the date of the initial collection letter (Exhibit "5") was November 4, 2008.

**V. DEFENDANTS' PRACTICES**

25.  Ms. Shah, as Class Representative is informed, believes, and thereby alleges that, in the six (6) years preceding the filing of the Complaint herein, Western Mass has unlawfully collected or attempted to collect deficiency balances from consumers who were not issued correct post-repossession notices by Sovereign Bank/Santander, without accounting for a set-off in the amount of statutory damages set forth under CGS § 42a-9-625.

26.  Ms. Shah, as Class Representative is informed, believes, and thereby alleges that based upon the Defendant's letter of March 31, 2010, the amount of debt collected by the Defendant Western Mass was inflated by 15% which represented an <u>improper</u> collection fee.

27.  In addition to the unlawful collection or attempt to collect deficiency balances from consumers who did not owe such debts as a matter of law, Western Mass has maintained a practice and policy of reporting to the three national consumer reporting agencies, Equifax Credit Information Services, Inc., Experian, Inc., and TransUnion, LLC (hereinafter referred to collectively as the ("CRAs"), derogatory information concerning

Ms. Shah and the members of the class which failed to account for the statutory presumption and/or the set-off for statutory damages described herein.

## VI. CLASS ACTION ALLEGATION

28.  Plaintiff incorporates the allegations of paragraphs 1 – 27 as if fully set forth herein.

29. Plaintiff brings this class action to obtain relief for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692e and 1692f ("FDCPA") and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §42-110a.

30. The FDCPA protects the least sophisticated consumer from false, misleading, or unfair collection tactics, and prohibits a debt collector from, *inter alia,* making false representations about the character, amount or legal status of any debt, and from collecting or attempting to collect sums that are not allowed by law.

31. The FDCPA and CUPTA are violated by omissions as well as by affirmative misrepresentations.  See, 15 U.S.C. §1692e(2), (5), (10); §1692f(1).

32.  In this case, Western Mass engaged in such activity by its repeated attempts to collect deficiencies which were not properly due or owed under Connecticut law, which the creditor would have been barred from collecting and which this Defendant either knew or should have known were not properly due or owing.

33.  The class is defined as follows:

>All Connecticut residents from whom Western Mass Credit Corporation has attempted to collect debts, during the six years preceding the filing of this lawsuit, where the alleged debts arose of personal car loans with Sovereign Bank or its successors, and Sovereign Bank or its successors repossessed the cars.

34. Upon information and belief, the class numbers in the hundreds or more, and is therefore so numerous as to make joinder impracticable

35. There are common legal and factual issues with respect to the class as a whole, arising out of the uniform failure of Sovereign Bank or its successors to provide defaulting consumer borrowers with legally required notices upon repossession of their cars, and Western Mass's corresponding violations of the FDCPA and CUPTA that impacted all class members in substantially the same manner.

36. The named Plaintiff's claims are typical of other class member's claims in that she raises the identical issues with respect to the lenders' obligation to provide adequate notices to defaulting borrowers, and pursues the same legal theory of recovery as to the debt collector, Western Mass, that attempted to collect debts which were not legally owed.

37. The named Plaintiff is an adequate representative of the class in that she has no conflicts of interest with the class, and has retained counsel who are experienced in representing consumers and in prosecuting class actions.

38. Common legal and factual issues predominate in this action as to all class members because the Defendant's debt collection practices have been improper as to all class members for precisely the same reason: the debts arising out of Sovereign Bank car loans were not legally due, and the 15% collection fee is improper as to all class members.

39. The case is ideally suited for class treatment and there will be no difficulties in the management of the case as a class action; the consumer class members' individual claims

may be too small to pursue economically on an individual basis, and many of the consumer class members may be unaware of their rights.  In addition, the Defendant is in possession of recent addresses for all class members.

40.  As a direct and proximate result of the acts hereinabove alleged and Western Mass.'s ongoing unlawful conduct in pursuit of improperly alleged deficiencies, the Class Representative and class members have been damaged and have suffered economic losses in an amount to be proven at trial.

**COUNT I – FDCPA**

41. The allegations of paragraphs 1 through 40 are incorporated herein by reference as if fully set forth.

42. As detailed above, since the repossession of the vehicles of the Class Representative and the class members, Western Mass has wrongfully collected and/or reported credit information to the CRAs with respect to the consumer reports of the Class Representative and the class members.

43.  Western Mass knew or should have known that the debts were not owed, because Western Mass has been asked repeatedly for the backup documentation but has been unable to produce it.  Despite this inability to locate the documents, Western Mass has persisted in its collection efforts with respect to the named Plaintiff and the class as a whole.

44.  Western Mass has used false, deceptive, or misleading representations in its communications with the named Plaintiff and the class members by making false

representations in its written and verbal communications about the character, amount, and legal status of the alleged debt.

45.  Western Mass has also used unfair or unconscionable means to collect debt from the named Plaintiff and the class members by collecting or attempting to collect debt that is not permitted by law.

46.  In addition to the foregoing, Western Mass has tacked on a 15% surcharge as a collection fee, although the fee is not allowable under the FDCPA and the collection of such a fee is an independent violation under the statute.

47. The Class Representative and the class members do not have an adequate remedy at law with respect to the continued collection and/or reporting of materially inaccurate adverse credit information to the CRAs.

48.  The Class Representative and the class members will suffer irreparable injury if Western Mass is not enjoined from the future wrongful collection and reporting of adverse information to the CRAs.

**COUNT II – CUPTA**

49.  The allegations of paragraphs 1 through 48 are incorporated herein by reference as if fully set forth.

50.  As set forth more fully above, Western Mass has committed one or more unfair or deceptive acts or practices in violation of CUTPA including, but not limited to, asserting a right to collect deficiencies that were improperly alleged after Sovereign Bank/ Santander failed to disclose to Ms. Shah and Class Members their rights pursuant to required Notices of Repossession and Sale.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, an individual, prays for relief on behalf of herself and all other similarly situated as follows:

A. For an order certifying this claim as a class action;

B. For statutory damages in excess of $15,000 under the Uniform Commercial Code provisions governing the underlying transactions, for each class member in the amount of either the credit service charge plus ten percent of the principal amount of the obligation, or the time-price differential plus ten percent of the cash price, whichever is greater, according to proof, pursuant to § 42a-9-625(3)(b), and for all amounts that have been collected by Western Mass arising out of Santander repossessions that were carried out without the required notices, including but not limited to any 15% surcharges that Western Mass has added on to the class members' alleged debts;

C. For an order preliminarily and permanently enjoining Western Mass from engaging in the practices alleged herein on behalf of Santander in the absence of proper repossession notices;

D. For an order of mandatory injunction directed to Western Mass to remove any adverse credit information which may have been wrongfully reported on the consumer reports of the class members;

E. For pre-judgment interest to the extent permitted by law;

F. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action to the extent permitted by law; and

G. For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

                      THE PLAINTIFF

                      BY/S/Bernard T. Kennedy
                      Bernard T. Kennedy, Esquire
                      The Kennedy Law Firm
                      157 Pine Orchard Road
                      Branford, CT 06405
                      Ph   (443) 607-8901
                      Fax (443) 607-8903
                      Fed. Bar # CT00680
                      bernardtkennedy@yahoo.com

                      Thomas J. Minton – phv 03941
                      Goldman & Minton, P.C.
                      20 South Charles St., Suite 1201
                      Baltimore, MD 21201
                      (410) 783-7575 Telephone
                      (410) 783-1711 Telecopier
                      tminton@charmcitylegal.com

                      BY/S/Michael W. Kennedy
                      Michael W. Kennedy, Esquire
                      The Kennedy Law Firm
                      157 Pine Orchard Road
                      Branford, CT 06405
                      Ph   (203) 481-4040
                      Fax (443) 607-8903
                      Fed. Bar # CT19664
                      mwk550@yahoo.com

**CERTIFICATION**

I hereby certify that on 4/4/11 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


BY/S/Bernard T. Kennedy

```
Date 03/11/2011    09:12:13         WMC - CLOSED FILE SYSTEM - VERSION 7.2              Report #4540  Page 0001
                          COLLECTION      MANAGER         STATUS    REPORT

For: 6017  SANTANDER CONSUMER USA                  Date From: First      to 99/99/9999
           8585 N. STEMMONS FREEWAY                Debtor Range From: 012602   to 012602
           SUITE 1100 NORTH
           DALLAS, TX. 75247

DEBTOR INFORMATION                                 Amount     Current              Last      Last     Paid To
Name                       Number      FILE #      Placed     Balance  Status      Pay-Date  Pay Amt. Date
=======================================================================================================================
SHAH MOHAMMAD              012602 67647957328      4,769.43   2,769.43  Y SIF      01/29/2010  500.00   2,000.00
   03/11/2011 08:51   The 101WMC WAS MAILED:
   03/05/2010 12:36   RECD EMAIL FROM GOV...WAS SENT TO DTR 1000 FMV LTTR.
   03/05/2010 12:48   *******MOVED TO LATITUDE*********************************
   02/25/2010 08:19   The EXPEXP Reported to Experian
   02/22/2010 17:55   34835
   02/12/2010 09:51   203-606-6484
   02/12/2010 09:51   TO/TT CMKR, SD HER RETURN HAS BEEN OFFSET BY 1099 FROM THIS ACCT.
   02/12/2010 09:51   TOLD DTR WLL CONTACT CLIENT TO CHECK IF THE 1099 WAS FOR THE FAIR
   02/12/2010 09:51   MARKET VALUE FOR THE CHARGE OFF AMT.
   02/01/2010 13:14   Old Status Code - 1
   02/01/2010 13:14   Old User Status Code -
   02/01/2010 13:14   Old Date Closed -
   12/31/2009 09:47   Old Collector - 0202
   12/01/2009 10:01   Old Collector - 0206
   11/16/2009 16:31   AUTO SIF--
   11/02/2009 10:00   Old Collector - 0203
   10/08/2009 14:15   Old Return Desc -
   10/08/2009 14:15   VERIFIED ADDRESS CHECKS ARE JUST IN THE CMKR'S NAME
   10/08/2009 14:15   AUTO SIF ENTERED INTO SCRIBE
   10/08/2009 14:15   ANMBREEN WOULD LIKE A REMINDER LETTER SENT OUT EACH MONTH
   10/08/2009 15:24   The 124WMC WAS MAILED:
   10/08/2009 15:28   The 124WM  WAS MAILED:
   10/08/2009 15:30   Old Model - 101WMC
   10/08/2009 15:52   SENT SIF LETTER TO CMKR ---
   10/05/2009 12:31   WAITING FOR SIF APPRL TO SUBMIT CHECKS---
   09/29/2009 19:08   TT ANMBREEN SHAH 203-606-6484 719PM OFFER 4 PAY AUTO SIF
   09/29/2009 19:08   2000.00 $500/MO 10/29 11/29 12/29 1/29/10
   09/29/2009 19:08   TD BANK NORTH R# 01103093 A#4242275356  GENERIC CK#'S
   09/29/2009 19:08   Old Collector - 0013
   09/29/2009 19:08   Old Status Code - T
   09/29/2009 19:21   DTR IS A SINGLE MOTHER, RENTS, WORKS PART TIME. EX DEFUALTED
   09/29/2009 19:21   ON CHILD SUPPORT, BITTER DIVORCE, SIGNED FOR CAR FOR EXHUSBAND
   09/09/2009 09:31   MR RECD MKR 387 MONTICELLO DR NEW ADD 76 TERRACE ST
   09/09/2009 09:31   Old Pri Addr - 387 MONTICELLO DR
   09/09/2009 09:31   Old Pri City/State/Zip - BRANFORD / CT / 06405-4115
   09/09/2009 09:32   The 101WM  WAS MAILED:
   09/03/2009 19:34   The 126WMC WAS MAILED:
   08/31/2009 15:28   The 126WM  WAS MAILED:
   08/31/2009 15:28   ---TR/IMAM--328PM---
   08/06/2009 18:15   The 131WMC WAS MAILED:
   08/06/2009 18:15   OLD RETURN DESC - 2032080993 # DISCO---
   08/06/2009 18:45   76 TERRACE ST APT E6 NEW HAVEN --06517---
   08/06/2009 18:45   Old Sec Addr - 387 MONTICELLO DR
   08/06/2009 18:45   Old Sec City/State/Zip - BRANFORD / CT / 06405-4115
   08/06/2009 18:45   CMKR REQUEST DEF BREAKDOWN AND PAYMEN HISTORY--
   08/06/2009 18:45   BECAUSE OF 1099 SHE WAS INSTRUCTED NOT TO PAY TOLD IF SHE WANTS DE
   08/06/2009 18:45   BT UPDATED ON CREDIT WILL HAVE TO PAY REFUSED TO DO ANYTHING WITH
```

PLAINTIFF'S EXHIBIT

```
Date 03/11/2011     09:12:13           WMC - CLOSED FILE SYSTEM - VERSION 7.2              Report #4540   Page 0002

                           C O L L E C T I O N    M A N A G E R        S T A T U S     R E P O R T

For: 6017  SANTANDER CONSUMER USA                      Date From: First     to 99/99/9999
           8585 N. STEMMONS FREEWAY                    Debtor Range From: 012602   to 012602
           SUITE 1100 NORTH
           DALLAS, TX. 75247


08/06/2009 18:45   DEF BREAKDOWN AND HISTORY--DTR STATES SINGLE MOTHER WORKING 2 JOBS
08/06/2009 18:45    AND GOING TO SCHOOL--
08/06/2009 19:26   Old Collector - 0003
08/06/2009 19:26   Old Status Code - O
07/28/2009 10:10   The EXPEXP Reported to Experian
06/23/2009 18:07   TR BOTH #S LMAM--
06/23/2009 18:07   Old Collector - 0503
06/10/2009 17:36   The SANTER WAS EXPORT:
05/29/2009 10:12   TR/6484 VM ID CO-MKR LM FOR BOTH
05/29/2009 10:12   T/0993 VM LM
04/17/2009 08:49   Old Collector - 0703
04/16/2009 17:45   ---TR/LMAM---546PM---
04/16/2009 17:54   ---5541 NIS---
04/16/2009 17:54   Old Return Desc -
04/16/2009 17:59   The 102WM  WAS MAILED:
04/16/2009 17:59   The 102WMC WAS MAILED:
03/31/2009 10:24   Old Collector - 3277
03/31/2009 10:24   203-208-0993 203-481-5541
03/31/2009 10:24   CMKR POB- YALE NEW HAVEN HOSP
03/20/2009 14:16   The 126WH  WAS MAILED:
01/05/2009 14:42   The EXPEXP Reported to Experian
01/02/2009 09:56   TR/6484 VM SD CO-MKRS NAMES LM FOR BOTH
12/26/2008 13:01   TR/NA 1:08P
12/26/2008 13:01   LMT CCMKR
12/26/2008 13:39   ---COMAKER CALLED IN HAS RECEIVED A 1099----AND A LETTER FROM
12/26/2008 13:39   THE IRS---203-606-6484----
12/26/2008 13:39   --- CALLED SOVEREIGN SPOKE TO ELLA THIS DTR STILL OWES THIS
12/26/2008 13:39   BALANCE---called her back to let her know ---sd going out of
12/26/2008 13:39   the country sd will have to deal with this when she comes back
12/26/2008 13:39   ----told her aif $3000.00 ---sd has to deal with it later
12/26/2008 13:39   asked for Mohammad claims has no info on him they are seperated
11/28/2008 12:24   ---TR/LMAM FOR MKR AND CMKR---
11/13/2008 19:32   ---TR/LMAM 732PM----
11/13/2008 19:32   ---TR TT WMN CLAIMS SHE WORKS OVERNIGHT-COMES IN AT 11PM--WILL HAV
11/13/2008 19:32   E TO REACH HER AT HOME---
11/13/2008 19:34   WMN ASKED IF I WAS BILL COLLECTOR--
11/13/2008 19:35   NEED ALT #S POE FOR MKR---
11/13/2008 19:35   Old Collector - 0701
11/07/2008 13:36   ---TR NA---137PM---PU HU---
11/07/2008 13:37   OTH# 203-688-5900 WILL TRY THIS # AT NIGHT---
11/04/2008 16:47   The 101WMC WAS MAILED:
11/04/2008 16:49   The 101WM  WAS MAILED:
11/04/2008 17:34   ---TR/LMAM534PM---
11/04/2008 17:34   OTH# 203-688-5900 TR TTSEC STATES DTR WORKS NIGHTS---

                                              ------------  ------------              --------  ----------
         Total  # of debtors         1         $4,769.43      $2,769.43                $500.00   $2,000.00


*** C l i e n t   S t a t u s   T o t a l s ***
     Status    No of Debtors    Description
-----------------------------------------------------
```

# THE KENNEDY LAW FIRM
## MARYLAND CONSUMER LAW GROUP

P.O. BOX 657   EDGEWATER, MD  21037   TEL (443) 607-8901   FAX (443) 607-8903

**Web Site**
www.kennedykennedy.com

**E-Mail**
bernardtkennedy@yahoo.com

**CONNECTICUT OFFICE**

157 Pine Orchard Road
Branford, CT 06405

Licensed to Practice Law in
Connecticut and Maryland

March 8, 2010

**Tim Stone**
Western Mass Credit Corp
95 Post office Park #9518
Wilbraham, MA 01095

RE:   Anmbreen Shah
        76 Terrace St Apr. E6
        New Haven, CT 06512
        **Account No. 6017-012602**

**PLAINTIFF'S EXHIBIT 2**

Dear Mr. Stone:

Please be advised that this firm represents the above referenced client in regards to the above referenced matter.

It was my pleasure to speak with you on today's date and I wanted to thank you for cooperating with me. Please forward the retail installment contract in regards to the collection on behalf of your client Sovereign Bank and also the notice after repossession and notice after sale of the motor vehicle. If you could also send the green card for the certified letter acknowledging my clients signature of the notice. Your client will have this record as well.

My email address is email.kennedy@yahoo.com or you can fax or mail same.

Very truly yours,

Michael W. Kennedy
*Admitted in CT only

**Via Facsimile Transmission** (413) 596-7219

# THE KENNEDY LAW FIRM
## MARYLAND CONSUMER LAW GROUP

P.O. BOX 657   EDGEWATER, MD  21037   TEL (443) 607-8901   FAX (443) 607-8903

**Web Site**
www.kennedykennedy.com

**E-Mail**
bernardtkennedy@yahoo.com

**CONNECTICUT OFFICE**

157 Pine Orchard Road
Branford, CT 06405

Licensed to Practice Law in
Connecticut and Maryland

March 30, 2010

**Tim Stone**
Western Mass Credit Corp
95 Post office Park #9518
Wilbraham, MA 01095

RE:   Anmbreen Shah
      76 Terrace St Apr. E6
      New Haven, CT 06512
      **Account No. 6017-012602**



Dear Mr. Stone:

Please be advised that this firm represents the above referenced client in regards to the above referenced matter.

I spoke to you on the above file on March 8, 2010. I have not received any response from you since that date. I have followed up with a phone call and spoke to another collector who stated I just needed to wait. That is something I am not going to do.

I intend to file suit against your firm and have researched other cases filed against your agency, where your agency violated the FDCPA in similar ways to my client.

If I don't hear from your firm, by March 31, 2010, I intend to file suit in United States District Court of Connecticut, for your violations of the FDCPA.

It is apparent to my client that she never received notice after repossession and you had notice and prior dealings with this particular bank and are aware of their unfair dealings with consumer debtors. You have not provided my client, despite her request with a notice after repossession from Sovereign Bank, thus violating C.G.S. 36a-785 RISFA.

You are part of the problem and have so far impeded my client's request for you to provide this notice. Without proper notice my client is not legally responsible for this debt and you have already collected $2,000.00.

I intend to have the Court order disgorgement of your company's ill gotten gains, by collecting an illegal deficiency balance, as well as, show you violated the FDCPA by collecting an amount not legally owed in violation of §1692e (2)(A).

You can reach me at my office if you wish to settle this matter prior to protracted litigation, like you did in *Fields v. Western Mass. Credit Corp* (2007).

Very truly yours,

*[signature]*

Michael W. Kennedy
*Admitted in CT only

**Via Facsimile Transmission** (413) 596-7219

Page 1 of 1

**From:** Linda Lata (lindalata@westernmasscredit.com)
**To:** bernardtkennedy@yahoo.com;
**Date:** Wed, March 31, 2010 4:21:47 PM
**Cc:** fliberti@westernmasscredit.com; stevebarton@westernmasscredit.com;
**Subject:** [ No Subject ]



Dear Mr. Kennedy:

In response to your letter received today via fax, we are requesting additional time to locate all of the documents. Your initial request was **not** ignored, in fact we immediately requested the documentation.

As you may or may not be aware Sovereign Bank was purchased by Santander Bank. The transition is the cause of the delay. Our understanding is documentation on these newly acquired accounts are scanned into their systems. We have requested this information again today.

As far as your claim reference to Fields, this is a totally different matter in reference to collection fees. The state of Ct. allows collections fees to be added to the debt up to 15% which is what we did. I still find the whole thing to be unbelievable. The debt is still valid and the debtor still owes it.





LINDA R. LATA
70 POST OFFICE PARK, SUITE 7011
WILBRAHAM, MA. 01095

lindalata@westernmasscredit.com

tel# 413-596-9977
fax#413-596-7219

http://us.mg4.mail.yahoo.com/dc/launch?.gx=1&.rand=7un71gkr3ri6e

4/1/2010

Fax from :                                                          03-11-11 10:15a   Pg: 1

# WESTERN MASS. CREDIT CORP.
70 POST OFFICE PARK, SUITE 7011, WILBRAHAM, MA. 01095
413-596-9977* TOLL FREE 1-877-788-2688*FAX 413-596-7219
OFFICE HOURS MONDAY-THURSDAY 8:30am-8:00pm FRIDAY 8:30am-5:00pm SATURDAY 9:00AM-1:00pm

F I R S T    N O T I C E

March 11, 2011

ANMBREEN SHAH
76 TERRACE ST APT E6
NEW HAVEN, CT 06512

**PLAINTIFF'S EXHIBIT 5**

RE:   Creditor: SANTANDER CONSUMER USA
      Original Debt: $4,769.43
      Adjustment Fees: $.00
      Current Balance: $2,769.43
      Our File Number: 6017 - 012602

Dear MR SHAH:

THE ABOVE REFERENCED ACCOUNT HAS BEEN LISTED WITH OUR AGENCY FOR COLLECTION. MAKE PAYMENT DIRECTLY TO THIS OFFICE.

IF PAID IN FULL TO THIS OFFICE COLLECTION ACTIVITY WILL BE STOPPED.

Unless you notify this office within 30 days after receiving notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

6017-012602 BAL. $2,769.43 PMT. ENCLOSED $_____

PLEASE CHARGE MY CREDIT CARD:   M/C   VISA   AMERICAN EXPRESS

CARD #_____ EXP. DATE_____ AMT. $_____

SIGNATURE_____ CARDMEMBERS NAME_____

PLEASE CONTACT ME TO DISCUSS ALTERNATIVE ARRANGEMENTS:_____

HOME#_____ WORK#_____

NEW ADDRESS_____